UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COMMISSIONER OF INSURANCE FOR THE STATE OF NEVADA AS RECEIVER OF LEWIS & CLARK LTC RISK RETENTION GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> IRONSHORE SPECIALTY INSURANCE COMPANY, an insurance company; INDIAN HARBOR INSURANCE COMPANY f/k/a CATLIN INSURANCE COMPANY, INC., an insurance company; ILLINOIS NATIONAL INSURANCE COMPANY, an insurance company; RSUI INDEMNITY COMPANY, an insurance company; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, an insurance company; U.S. RE CONSULTING AGENCY SERVICES, INC., a Nevada corporation; UNI-TER UNDERWRITING MANAGEMENT CORP., UNI-TER CLAIMS SERVICES CORP., U.S. RE CORPORATION; LEWIS & CLARK LTC RISK RETENTION GROUP INC., a Nevada corporation; TAL PICCIONE, an individual; DOES 1 through 100, and each of them, inclusive; ROE COMPANIES 1 through 100, and each of them, inclusive, <br><br> Defendants. | Case No. 2:25-cv-0789-ART-EJY <br><br> **ORDER** |

Pending before the Court is Plaintiff's improperly titled Ex Parte Application to Extend Time to Serve Summons and Complaint. ECF No. 15. The Court previously ordered Plaintiff to serve the Ex Parte Application on each Defendant subject to the relief requested. ECF No. 19. Defendants U.S. Re Consulting Agency Services, Inc., U.S. Re Corporation, Uni-Ter Underwriting Management Corp., Uni-Ter Claims Services Corp., and Tal Piccione filed an Opposition. ECF No. 37. Plaintiff filed a Reply. ECF No. 42.

Also pending before the Court, but not decided in this Order, are Motions to Dismiss filed by Defendant Ironshore Specialty Insurance Company, Defendant RSUI Indemnity Company, and

1

Defendant Endurance American Specialty Insurance Company. ECF Nos. 31, 39, 45. All three Motions to Dismiss are fully briefed. Plaintiff filed a Motion to Remand that is fully briefed (ECF No. 34) and a Motion to Stay this Case in its entirety—except for the instant Motion. ECF No. 62.

The background of this case is extremely long and complicated. The details of that history are not necessary to discuss here. At issue in the instant Motion is Plaintiff's request for an order (1) finding the May 5, 2025 service on individual defendant Tal Piccione effective despite service occurring six days after the deadline to serve had expired, and (2) either (i) extending the time to serve the "Corporate Defendants"[1] by 90 days because the alleged registered agents for what turns out to be three of these defendants rejected service,[2] or (ii) finding each of the Corporate Defendants' registered agents remains in that legal capacity and therefore the Corporate Defendants were effectively served despite rejection of service.[3] There is virtually no citation to case law or other authority provided by Plaintiff in its moving papers. *See generally* ECF No. 15.

After discussing the underlying merits of this long suffering dispute, which issues are not before the undersigned, the Corporate Defendants oppose the Motion arguing Plaintiff did not attempt to serve them until fifteen days before the service period under Nevada state law would have expired. Thus, the Corporate Defendants argue Plaintiff has not demonstrated good cause for the failure to serve. The Opposition further states "[t]he record reflects that the Corporate Defendants have been out of business since 2018 … [and] have no ongoing operations." ECF No. 37 at 3. No citation to the record is offered in support of this statement.

The Corporate Defendants submit the registered agents served by Plaintiff are not agents for these entities and that the delayed service on Mr. Piccione is inexcusable. Neither the Corporate Defendants nor Mr. Picccione argue they lacked timely notice of the Complaint; nor do they argue

---

[1] The "Corporate Defendants" are defined by Plaintiff as Uni-Ter Claims Services Corp., Uni-Ter Underwriting Management Corp., U.S. Re Corporation, and U.S. Re Consulting Agency Services, Inc. ECF No. 15 at 2 n.2.

[2] While Plaintiff defines the "Corporate Defendants" as including U.S. Re Consulting Agency Services, Inc. (ECF No. 15 at 2 n.2.), Plaintiff does not attach a printout from the Delaware Secretary of State for this entity; nor a rejection of Service of Process by a registered agent for this entity. ECF Nos. 15-1 through 15-7. Thus, references to services on Corporate Defendants through their registered agents should not include U.S. Re Consulting Agency Services, Inc. Instead, service on U.S. Re Consulting Agency Services, Inc. was attempted at a residential address. ECF Nos. 15-2 at 15; 15-7 at 2.

[3] Plaintiff cites to Exhibit 3 to support this statement. ECF No. 15 at 2:11. Exhibit 3 contains evidence of service on three, not four, Corporate Defendants.

2

that service on Mr. Piccione—albeit six days late—was otherwise ineffective. ECF No. 37, *generally*. The only statute of limitations argument raised appears in a single sentence on page 5 of Defendants' Opposition. *Id*. at 5.

The Court finds the arguments presented in the Opposition regarding late service on Mr. Piccione, while factual, unpersuasive. Ninth Circuit's law construing Rule 4(m) states the Court should exercise its discretion to overlook short delays in service when the contrary approach might create a statute of limitations bar to the lawsuit. *Mann v. American Airlines*, 324 F.3d 1088, 1090-91 (9th Cir. 2003) ("Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint [after the service period has otherwise expired]. The district court's discretion is not diminished when the statute of limitations would bar re-filing of the suit if the district court decided to dismiss the case instead of grant an extension. To the contrary, the advisory committee notes explicitly contemplate that a district court might use its discretion to grant an extension in that very situation: 'Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action.'") (citations omitted). The Motion to Extend Time, as it pertains to Mr. Piccione, seeks a six day extension to serve from April 29 to May 5, 2025. This short time period, given the fact that Mr. Piccione was aware of the lawsuit prior to effective service and in the absence of the short extension there is a potential time bar to Plaintiff's claims, favors the fair exercise of discretion to overlook the delay. The Court grants Plaintiff's Motion as to Mr. Piccione *nunc pro tunc*.

With respect to the Corporate Defendants, there is no dispute that it is Plaintiff's burden to serve. However, the Court notes a "corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). And, as stated above "the Advisory Committee Notes to this Rule state that the Court is 'authorize[d] ... to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown.' Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendment." *Sternberg v. Warneck*, Case No. 2:23-cv-01466-APG-EJY, 2024 WL 4804968, at *2 (D. Nev. Nov. 14, 2024). While Plaintiff says it served resident agents for the "Corporate Defendants" (ECF No. 15 at 2)—thus, by definition, erroneously including U.S. Re Consulting

Agency Services, Inc.—because they remain registered with the Delaware Secretary of State, the Corporate Defendants argue the contrary. *See* ECF Nos. 15-4, 15-5, 37 at 3-4. Moreover, and notwithstanding this dispute, the Corporate Defendants erroneously contend that there was no attempt to serve U.S. Re Consulting Agency Services, Inc. ECF No. 37 at 4. The evidence before the Court shows efforts to serve this defendant were made on April 16 and 17, 2025 at a residential address. ECF Nos. 15-2 at 15; 15-7 at 2.

As explained by the Ninth Circuit in *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007), "[i]n making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." (Internal citation omitted.) Here, there is no doubt that all four Corporate Defendants had notice of the lawsuit before the time within which to serve expired. ECF No. 37 at 3 *citing* ECF Nos. 15-1-15-7. Further, the Opposition to Plaintiff's Motion does not discuss prejudice. *See generally* ECF No. 37. The Corporate Defendants do not substantively address the statute of limitations; rather, they state only that "Plaintiff['s] … reliance on the statute of limitations is unavailable in light of its own delay." *Id*. at 5.

All in all this confusing and, in part, inaccurate story is not well told by its participant. In the end, the evidence offered is insufficient to allow the Court to conclude service was effective on Uni-Ter Underwriting Management Corp., Uni-Ter Claims Services Corp., and U.S. Re Corporation through their alleged registered agents. In contrast, service on U.S. Re Consulting Agency Services, Inc., attempted at a residential address, was not effected. However, given Rule 4(m)'s standard stated above, the Corporate Defendants knowledge of the lawsuit, the absence of an argument demonstrating prejudice, the short delay in effecting service on Mr. Piccione, and that the statute of limitations may bar a refiling of Plaintiff's claims, the Court finds application of the *Efaw* factors favor granting Plaintiff's Motion.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's mistitled Ex Parte Application to Extend Time to Serve Summons and Complaint (ECF No. 15) is GRANTED as follows:

1. The May 5, 2025 service on Tal Piccione is deemed effective; and

  2. The time to serve U.S. Re Consulting Agency Services, Inc., U.S. Re Corporation, Uni-Ter Underwriting Management Corp., and Uni-Ter Claims Services Corp. is extended for the period commencing on August 14, 2025 and ending November 6, 2025.

  IT IS FURTHER ORDERED that the insufficiency of evidence before the Court renders it impossible to determine whether the registered agents remain in that role for the "Corporate Defendants" as these business entities appear to have ceased business operations in 2018.

  Dated this 14th day of August, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE