UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

COMMISSIONER OF INSURANCE FOR
THE STATE OF NEVADA, as receiver of
Lewis & Clark Risk Retention Group
Inc.,

Plaintiff,

v.

IRONSHORE SPECIALTY INSURANCE
COMPANY, et al.,

Defendants.

Case No. 2:25-cv-000789-ART-EJY

ORDER

(ECF No. 34)

Plaintiff Commissioner of Insurance for the State of Nevada ("Plaintiff" or "Commissioner"), in its capacity as receiver of Lewis and Clark Risk Retention Group, sued Defendants in state court to seek relief from a settlement agreement that it had entered in connection with a prior action. (ECF No. 1-1.) Defendant Indian Harbor Insurance Company filed a petition for removal on the basis of diversity jurisdiction. (ECF No. 1.) The Commissioner moved to remand. (ECF No. 34.) The Court now grants the Commissioner's motion to remand.

## I. BACKGROUND

Facts are taken from Plaintiff's complaint unless otherwise noted. (ECF No. 1-1.)

Plaintiff is the court-appointed receiver of Lewis and Clark, a corporation that provided liability coverage to long term care facilities and home health providers. While Lewis and Clark was operating, it had retained Defendants U.S. RE Consulting Agency Services, Inc., U.S RE Corporation, Uni-Ter Underwriting Management Corp., and Uni-Ter Claims Services Corp. (hereinafter "Corporate Defendants") to manage it. Following Lewis and Clark's insolvency, Plaintiff filed

1

an action an action against the Corporate Defendants in its capacity as receiver, alleging that they bore responsibility for Lewis and Clark's failure. In 2021, the district court entered judgment totaling $20,874,860.89, and in 2022, the court amended the judgment to award additional attorney's fees and costs (hereinafter "Prior Judgment"). Allegedly in reliance on Corporate Defendants' statements that its insurance coverage was inadequate to cover the Prior Judgment, Plaintiff executed a settlement agreement with Corporate Defendants, which provided that in lieu of satisfying the judgment on its own terms, Corporate Defendants' insurers would pay to Plaintiff $5,200,000 subject to certain conditions.

Plaintiff now alleges that the Corporate Defendants induced Plaintiff to enter the settlement agreement and waive its right to over $15 million of the Prior Judgment through misrepresentation. Plaintiff initiated this case in December 2024 in state court, suing not only Corporate Defendants but also Tal Piccione, who is their director and largest shareholder, and their alleged insurers. The Commissioner claims that Indian Harbor Insurance Company, Endurance American Specialty Insurance Company, Ironshore Specialty Insurance Company, Illinois National Insurance Company, and RSUI Indemnity Company (collectively, "Insurance Defendants") had policies which must be paid to satisfy the outstanding amount of the Prior Judgment. Plaintiff seeks a court order declaring Defendants' actions in violation of law, voiding and rescinding the settlement agreement, holding Defendants jointly and severally liable for the full amount of the Prior Judgment, and awarding punitive damages.

Defendant Indian Harbor, an Insurance Defendant, timely filed its petition for removal on May 6, 2025. (ECF No. 1.) In its petition, Indian Harbor noted that Ironshore and RSUI had consented to removal. (*Id.*) As for the other defendants, Indian Harbor noted that Plaintiff had not filed proofs of service, and Indian Harbor could not determine which if any of the named defendants had been served and needed to consent. (*Id.*) Illinois National soon afterwards expressly

consented to removal in a separate filing. (ECF No. 9.) As Corporate Defendants were not effectively served, the only defendants left who were required to consent to removal were Endurance and Mr. Piccione. (ECF No. 64.) Both Endurance and Mr. Piccione's consent to removal is disputed.

In Endurance's first several appearances before the federal court, its position on removal and remand were not explicitly mentioned. Endurance's early filings include its May 23, 2025 stipulation for extension of time to respond to the complaint (ECF No. 22), its joinder to a June 5, 2025 Joint Status Report (ECF No. 33), its June 23, 2025 motion to dismiss, and its July 14, 2025 reply. (ECF Nos. 47; 59.) On June 27, 2025, the Commissioner argued in a pleading that Endurance had not consented to removal. (ECF No. 50.) Thereafter, on August 27, 2025, Endurance joined Indian Harbor's opposition to the Commissioner's motion to remand. (ECF Nos. 45; 68.) On the same day, Endurance joined Indian Harbor's opposition to a stay, in which Indian Harbor argued that Endurance had consented to removal when it joined in the joint status report of June 5, 2025. (ECF Nos. 69; 65.) On September 9, 2025, Endurance filed a notice of explicit consent to removal. (ECF No. 70.)

Mr. Piccione's first appearance in this case came when he opposed the Commissioner's motion to extend the time to serve him and other defendants on June 9, 2025. (ECF No. 37; 38.) On August 14, 2025, Judge Youchah granted the Commissioner's motion to extend time to serve, and also held Mr. Piccione had been properly served on May 5, 2025. (ECF No. 64.) Subsequently, on August 18, 2025, Mr. Piccione noted his non-opposition to the Commissioner's motion to stay (ECF No. 66), and filed a motion to dismiss on November 26, 2025. (ECF No. 73; 74; 75.) Neither of these filings discussed his position on removal. (ECF Nos. 66; 73; 74; 75.) His counsel appeared at the hearing of December 12, 2025, where the parties discussed whether and when Mr. Piccione had consented to removal. (ECF No. 80.) Nevertheless, Mr. Piccione's counsel did not present any argument.

The only thing that Mr. Piccione has filed since that hearing is a December 17, 2025 reply in support of his motion to dismiss, which also does not mention Mr. Piccione's position on remand. (ECF No 81.)

## II. LEGAL STANDARD

Removal is a jurisdictional matter, and a district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.2004); *see* Fed. R. Civ. P. 12(h)(3). "Any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines*, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). The defendant always bears the burden of establishing that removal is proper by a preponderance of the evidence. *Id.*; *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

### A. Form of expressing consent

The outcome of this motion to remand turns on the so-called rule of unanimity, which requires that "all defendants who have been properly served in the action must join in a petition of removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (internal citations and quotations omitted.) This motion presents two main questions regarding the rule of unanimity: what constitutes an effective consent to removal, and whether all Defendants timely consented to removal.

Normally, defendants make an affirmative statement to indicate consent. One typical method is for a non-removing co-defendant to file a separate statement clearly expressing consent. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009). Another typical method is for the removing defendant to swear in its pleadings that it has obtained consent from its co-defendants. *Id.* Because doubts about removability are resolved in favor of remand, explicit consent that leaves no room for interpretation assists removing

defendants in meeting their burden to show that removal is proper. *See Moore-Thomas*, 553 F.3d at 1244.

In limited circumstances, removing defendants may meet their burden by showing that co-defendants have implied their consent. In *Hafiz*, the Ninth Circuit affirmed a district court's holding that one defendant's consent to removal was effective as to another defendant where the two defendants shared the same counsel and jointly made a dispositive motion. *Hafiz v. Greenpoint Mortg. Funding*, 409 F. App'x 70, 72 (9th Cir. 2010) (mem.) *Hafitz* is not a precedential opinion and pre-dates the November 2011 amendment to 28 U.S.C. § 1446, which codified the rule of unanimity. *See, e.g. Gray v. Alvarez*, No. 2:24-CV-2401 DJC CSK P, 2025 WL 1009096, at \*4 (E.D. Cal. Apr. 4, 2025), *report and recommendation adopted*, No. 2:24-CV-2401-DJC-CSK P, 2025 WL 1936938 (E.D. Cal. July 15, 2025); *Pattison v. Nevada ex rel. Nevada Dep't of Corr.*, No. 3:14-CV-00020-MMD, 2014 WL 2506467, at \*1 (D. Nev. June 3, 2014). Since that amendment, many courts have declined to apply the rule with the same leniency as before. *See Gray*, 2025 WL 1009096, at \*4; *Terteling v. Terteling*, No. 1:22-CV-00271-CWD, 2022 WL 9327714, at \*4 (D. Idaho Oct. 14, 2022); *see also Taylor v. Medtronic, Inc.*, 15 F.4th 148, 152 (2d Cir. 2021) ("When the rule of unanimity was a judge-made rule, courts could allow judge-made exceptions to that rule. But now we are limited to interpreting a clear statutory command from Congress...") Nevertheless, some district courts in the Ninth Circuit have continued to follow *Hafitz*'s approach. *See, e.g., Perkins v. Mercedes-Benz USA, LLC*, No. 22-CV-03540-CRB, 2022 WL 9529451, at \*2 (N.D. Cal. Oct. 14, 2022); *Lopez v. Michael Weinig, Inc.*, No. CV 20-6012 PA (JEMX), 2020 WL 4192260, at \*3 (C.D. Cal. July 17, 2020).

Indian Harbor argues that Endurance's joinder to the June 5, 2025 status report constitutes implicit consent to removal because the status report discussed removal and Endurance didn't note its objection. (ECF No. 33.) It is

not clear why Endurance's silence should be construed as consent, rather than an absence of consent or a refusal to take a position. *C.f. Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (A removing party bears the burden to affirmatively explain the absence of any co-defendants' consent.) Assuming that *Hafitz* lays out a path to implied consent, it does not apply to the joint status report. Endurance does not share counsel with any other party, and the joint status report was not a dispositive motion. Endurance's date of consent is therefore the date of its first overt consent, which is August 27, 2025, when it joined Indian Harbor's opposition to the motion to remand. (ECF No. 45.)

Similarly, Indian Harbor argues that Mr. Piccione has never stated that he objects to removal, and that all of his filings in this court constitute consent to a federal forum. It is undisputed that Mr. Piccione has never stated outright that he consents to this action, nor has any other party represented that he has. Mr. Piccione's consent cannot be implied under the circumstances. Mr. Piccione does not share counsel with any other party, and no consent can be imputed from a shared defense. Furthermore, Mr. Piccione is aware that he should consent if he does not wish this action to be remanded on the basis of his nonconsent, and he still has not done so. His counsel was present at the December 12, 2025 hearing where the parties and the Court openly discussed the possibility that the action could be remanded due to Mr. Piccione's lack of consent. Nevertheless, Mr. Piccione's counsel did not express his consent at the hearing, and did not file any document consenting to removal thereafter.

## B. Timeliness of consent

The removal statute does not make clear whether or what deadline to apply to defendants. While the rule of unanimity is a longstanding rule, it was not codified until Congress amended the procedure for removal of civil actions set forth in 28 U.S.C. § 1446 in November 2011. In that amendment, Congress provided that "[i]f defendants are served at different times, and a later-served

defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C § 1446(b)(2)(A), (C). While providing some guidance, it did not provide a deadline for consent. Prior to the amendment, the Ninth Circuit implemented a lenient timeline for consent, noting "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino*, 630 F.3d at 956-57. Some courts have found that Congress's lack of specificity regarding a deadline means that the statute does not displace the pre-amendment rule. *See, e.g. Couzens v. Donohue*, 854 F.3d 508, 515 (8th Cir. 2017); *L. Offs. of Cory J. Hilton v. Dinkel*, No. 2:23-CV-1151 JCM (NJK), 2024 WL 841176, at *3 (D. Nev. Feb. 28, 2024), *reconsideration denied*, No. 2:23-CV-1151 JCM (NJK), 2024 WL 4495258 (D. Nev. Oct. 11, 2024). This Court is persuaded by those courts that have concluded that the prior standard has been superseded by statute. *See, e.g. Gray*, 2025 WL 1009096, at *4; *Pattison*, 2014 WL 2506467, at *1; *Palmeira v. CIT Bank, N.A.*, No. CV 17-00275 ACK-RLP, 2017 WL 4797515, at *3 (D. Haw. Oct. 24, 2017). If the deadline to consent remains the entry of judgment, a plaintiff's remedy for the removing defendant's failure to obtain consent from co-parties would be severely limited, if the plaintiff had a remedy at all. Putting plaintiffs in this bind would effectively create a judge-made exception to the now-statutory rule of unanimity. *See, e.g. Gray*, 2025 WL 1009096, at *4; *Terteling*, 2022 WL 9327714, at *4; *Taylor*, 15 F.4th at 152.

Following the amendments, the Ninth Circuit has not addressed the consent deadline, leaving district courts to implement a variety of different approaches. *Gray*, 2025 WL 1009096, at *4. Considering three different rules for calculating the timeliness of consent, the Court concludes that Endurance's consent on August 27, 2025 was untimely.

Some courts have found that the deadline to consent expires thirty days after the last date of actual receipt of service by any defendant. *See, e.g. id.*; *Lopez v. Weinig*, 2020 WL 4192260, at *4 (C.D. Cal. July 17, 2020) (collecting cases); *Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1186 (D. N.M. 2017). While it is not clear on which date each of the properly-served defendants was served, it appears that Mr. Piccione was last on May 5, 2025 (ECF No. 15), putting the consent deadline at June 4, 2025. Because that date is is well before Endurance's consent on August 27, 2025, its consent is untimely.

Others have ruled that earlier-served defendants must consent to removal within a later-served removing defendant's thirty-day period for removal. *Lewis v. HSBC Bank USA,* N.A., No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *9 (D. Haw. Aug. 25, 2017) *report and recommendation adopted*, No. CV 17-00234 DKW-KSC, 2017 WL 4019416 (D. Haw. Sept. 12, 2017); *Palmeira* 2017 WL 4797515, at *5 (reasoning that nothing in the amendments alters the rule that the removal statute should be strictly construed and enforced in favor of state court jurisdiction.) If Endurance's consent deadline was the same day as Indian Harbor's deadline to remove, its consent would also be late. While Indian Harbor claims that Plaintiff's April 15, 2025 service upon it was ineffective, it waived service and accepted that its deadline to remove fell on May 15, 2025. (ECF No. 1 ¶3.) This date is well before Endurance's August 27, 2025 consent.

Still other courts have found that the deadline for consent falls thirty days after receipt of the petition for removal. *Pattison*, 2014 WL 2506467, at *3; *Barglowski v. Nealco Int'l LLC*, Civ. 16-00209 LEK-KSC, 2016 WL 5107043, at *4 (D. Haw. Sept. 20, 2016). Although it is unclear when Endurance received the petition for removal, it can be inferred that the latest that Endurance could have had notice was on June 5, 2025, the day that it joined the status report stating that Indian Harbor had petitioned for removal. (ECF No. 33.) The consent

deadline would then fall on July 5, 2025, making Endurance's August 27, 2025 consent untimely.

Thus, under each of these rules, Endurance's consent is untimely. As explained above, Mr. Piccione has not consented to removal at all, making an analysis of timeliness as to him unnecessary. Because of his lack of consent and Endurance's tardy consent, this action will be remanded to state court.

## III.   CONCLUSION

Plaintiff's motion to remand (ECF No. 34) is GRANTED.

Defendant Indian Harbor Insurance Company's motion to dismiss (ECF No. 7) is DENIED AS MOOT.

Defendant Ironshore Specialty Insurance Company's motion to dismiss (ECF No. 31) is DENIED AS MOOT.

Defendant RSUI Indemnity Company's motion to dismiss (ECF No. 39) is DENIED AS MOOT.

Defendant Endurance American Specialty Insurance Company's motion to dismiss (ECF No. 47) is DENIED AS MOOT.

Plaintiff's motion to stay (ECF No. 62) is DENIED AS MOOT.

Plaintiff's motion to extend time to serve or alternatively for an order finding that service was proper (ECF No. 71) is DENIED AS MOOT.

Defendant Tal Piccione's motion to dismiss (ECF No. 73) is DENIED AS MOOT.

DATED THIS 9th day of February, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

9